UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CRAIG & LANDRETH, INC., <br> INDIANA LJ REINSURANCE LIMITED, <br> JAMES H. SMITH, JR., <br><br> Plaintiffs, <br><br> v. <br><br> PROTECTIVE PROPERTY & CASUALTY <br> COMPANY, <br> B. THOMAS & COMPANY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:23-cv-00162-TWP-KMB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING PLAINTIFFS' MOTION
TO AMEND RESPONSES TO REQUESTS FOR ADMISSIONS**

Presently pending before the Court is Plaintiffs' Motion to Withdraw/Amend Responses to Requests for Admission. [Dkt. 9.] The Court finds that Plaintiffs' proposed amended responses would not prejudice the Defendants and would be in the interests of justice because the Plaintiffs promptly addressed the deficiency, this case is in its early stages, and allowing amendment would foster consideration of issues on their merits. Accordingly, the Motion is **GRANTED**.

## I. RELEVANT BACKGROUND

### A. Parties, Allegations, and Claims

James Smith owns two companies: a used car dealership ("CLI") and a reinsurance company ("Indiana LJ"). Together, they are suing Protective Property & Casualty Company ("Protective") and B. Thomas & Company ("BTC"). Protective previously sold vehicle service insurance plans to CLI, which CLI then sold to its own customers. [Dkt. 1-2 at ¶¶ 16, 23, 30.] BTC advised Mr. Smith and CLI about Protective's products and helped coordinate the creation of Indiana LJ. [*Id.* at ¶¶ 20-21.]

The Amended Complaint alleges that the Defendants (1) imposed a fraudulent rate increase on CLI's customers in 2015, and (2) withheld unused premiums owed to the Plaintiffs in 2019. [Dkt. 1-2 at ¶¶ 35, 45.] Based on these allegations, the Amended Complaint identifies state law claims for breach of contract, fraud, and other torts. [*Id.* at ¶¶ 51-80.]

### B.     Defendants' Requests for Admissions

On August 9, 2023, while this case was still pending in state court, the Defendants served the Plaintiffs with Requests for Admissions ("RFAs"). [Dkt. 1-4.] The Plaintiffs did not serve their responses to the RFAs within 30 days, as required by Indiana Trial Rule 36. [Dkt. 1-5.] By operation of law, their failure to respond within 30 days functioned as admissions. *See Kerkhof v. Kerkhof*, 703 N.E.2d 1108, 1110 (Ind. Ct. App. 1998).

Ten days after failing to answer the RFAs, the Plaintiffs served the Defendants with their proposed amended responses to the RFAs and filed a Motion to Amend their Responses to the RFAs in state court. [Dkt. 1-1 at 294-96; dkt. 1-5.] Plaintiffs' proposed amended responses would deny RFAs 1, 3, 4, 5, 6, and 8. [Dkt. 1-1 at 290-93.]

On September 19, 2023, the Defendants removed this case to federal court, arguing that BTC was fraudulently joined to the action to preclude diversity jurisdiction. [Dkt. 1.] Two weeks later, the Plaintiffs moved to amend their responses to the RFAs in this Court. [Dkt. 9.] Plaintiffs have also moved to remand this case to state court, arguing that Defendants' removal is untimely under the removal statute and defective because BTC is a proper party to the action. [Dkt. 10.] In the briefing on the Plaintiffs' Motion to Amend their Responses to the RFAs, the Parties focus on the Plaintiffs' proposed amended responses to RFAs 4 and 5, which state as follows:

2

> 4. Admit that BTC is not identified as a party to either of the contracts attached to the Amended Complaint and subject to Plaintiff's breach-of-contract claim.
>
>> RESPONSE: Denied. While not expressly designated, BTC served as agent for Protective.
>
> 5. Admit that the only wrongdoing alleged against BTC relates to the purported 15% increase in rates charges under the VSCs.
>
>> RESPONSE: Denied. See above. Discovery continues and Plaintiffs will supplement this Response.

[Dkt. 9-1 at 3.]

## II. LEGAL STANDARD

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

"A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Where a party has expressly admitted or defaulted on a request for admission, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

"The district court's decision whether to allow a late filing is at bottom an equitable one, taking account of all relevant circumstances including the danger of prejudice, the length of the delay, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Simstad v. Scheub*, 816 F.3d 893, 899

(7th Cir. 2016) (holding that the district court's order granting the motion to withdraw defaulted admissions and amend responses to the RFAs was not an abuse of discretion; the district court mitigated any prejudice to the party that relied on the defaulted admissions by allowing them time to conduct additional discovery) (cleaned up).

### III. DISCUSSION

The Plaintiffs make two relevant arguments in support of their Motion to Amend their Responses to the RFAs: (1) the Plaintiffs' proposed amended responses will aid the presentation of the merits because their inadvertently defaulted admissions to RFAs 4 and 5 may result in the dismissal of all claims against BTC; and (2) the Defendants are not prejudiced by the Plaintiffs' 10-day delay in serving their proposed amended responses.[1]  [Dkt. 9 at 4, 6.]

In response, Defendants argue that letting the Plaintiffs amend their responses would "obscure the merits, not promote them" because the RFAs do not request "the kinds of winner-take-all admissions that would resolve every dispute in the case." [Dkt. 11 at 10.]  As to prejudice, the Defendants respond that denying the motion would effectively dismiss all claims against BTC, but granting the motion would force BTC to defend itself against vague allegations of wrongdoing. [*Id.* at 13 ("BTC cannot know what wrongdoing it is accused of" in light of the proposed amended responses).]  Finally, the Defendants argue that even if the Plaintiffs satisfy the two-step test set forth in Rule 36(b), the Court should deny the Motion because the Plaintiffs acted in bad faith by allegedly fraudulently joining BTC to preclude complete diversity.[2]  [*Id.* at 15-17.]

---

[1] The Plaintiffs also make an argument about whether the RFAs were appropriately addressed to all three Plaintiffs. [Dkt. 9 at 6.]  Because the Court grants the Plaintiffs' motion on the basis of the two-part test set forth in Rule 36(b), it need not address this other argument.

[2] The Plaintiffs contest the Defendants' fraudulent joinder allegation in their Motion to Remand, which is currently pending before the Court. [*See* dkt. 10.]

In reply, the Plaintiffs reiterate that upholding the defaulted admissions would effectively eliminate any claim against BTC and thereby hinder the presentation of the merits. [Dkt. at 4.] As to prejudice, they argue that "[t]he cases addressing prejudice require a showing by the party propounding the requests to show prejudice in either the availability of witnesses or the sudden need to obtain evidence with respect to questions previously admitted. Defendants have not addressed either issue and, as a result, have failed to establish prejudice required to defend a Rule 36(B) motion." [*Id.* at 4 (citing *Gutting v. Falstaff Brewing Corporation*, 710 F.2d 1309, 1314 (8th Cir. 1983); (*Wells v. EMF Corp.*, 757 F. Supp. 2d 791, 796-97 (N.D. Ind. 2010) ("Having to prove one's case on the merits is not the type of prejudice that satisfies Rule 36(b).")).]

Although Plaintiffs have admitted the RFAs at issue by not answering in a timely manner, the Court may permit amendment "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Defendants cannot reasonably dispute that permitting amendment of the RFAs at issue promotes the presentation of the merits of the action. This is particularly true where RFAs 4 and 5 relate to Defendant BTC, which is a key party for purposes of the pending Motion to Remand since the Parties dispute whether BTC was fraudulently joined in this action. [Dkts. 10; 12.] The Court makes no finding at this time about whether the Plaintiffs' proposed amended responses support or undermine their pending Motion to Remand. [Dkt. 10.] The Court merely finds that letting the Plaintiffs amend their responses to the RFAs would promote the presentation of the merits of the fraudulent joinder issue and the claims they seek to bring against BTC. *Cf. Blow v. Bijora, Inc.*, 855 F.3d 793, 800 (7th Cir. 2017) (affirming district court's order allowing a defendant to amend its response to an RFA where the district court reasonably concluded that a defendant's failure to add qualifying language in its

response was inadvertent; "[i]t follows from this conclusion that allowing the amendment would support a decision on the merits rather than on an inadvertent admission").

Additionally, the Court is not persuaded that allowing the Plaintiffs to amend their responses to the RFAs would prejudice the Defendants. *See Johnson v. Target Corp.*, 487 F. App'x 298, 300 (7th Cir. 2012) (a party opposing the withdrawal of admissions has the burden to establish prejudice) (citing *Banos v. City of Chi.*, 398 F.3d 889, 893 (7th Cir. 2005)). This is particularly true given that Plaintiffs caught their misstep within 10 days of the missed deadline and promptly sought relief for their mistake. This case was only recently removed to federal court, and the Court has not yet established a case management plan or discovery deadlines. Not allowing Plaintiffs to amend their RFAs at this stage of the litigation would be a particularly harsh and inequitable consequence under these circumstances.

Although the Defendants argue that BTC "cannot know what wrongdoing it is accused of" in light of the Plaintiffs' proposed amended responses to RFAs 4 and 5, [dkt. 11 at 13], this argument is belied by the Defendants' own briefing on the Motion to Remand, which sets out multiple arguments for why any claim against BTC must fail, [*see e.g.*, dkt. 12 at 9-11 (explaining why any potential theory of liability against BTC must fail in light of the proposed amended responses to the RFAs 4 and 5).] Again, the Court makes no decision at this time about the merits of the Plaintiffs' claims against BTC. Instead, the Court merely finds that the Defendants' arguments in support of fraudulent joinder demonstrate that they have a reasonable understanding of the claims the Plaintiffs seek to bring against BTC and are capable of articulating multiple arguments for why those claims fail as a matter of law. Forcing BTC to defend itself against the merits of those claims, rather than having those claims dismissed on the basis of the Plaintiffs' inadvertent defaulted admissions, is not the sort of prejudice contemplated by Rule 36(b) that

would necessitate the Court to preclude amendment. *See Blow*, 855 F.3d at 800 ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of a sudden need to obtain evidence with respect to the questions previously answered by the admission.").

Finally, the Defendants rely on a decision from the Fifth Circuit Court of Appeals for the proposition that the Court may still deny the Plaintiffs' Motion to Amend their Responses to the RFAs even if the two-factor test set forth in Rule 36(b) is resolved in the Plaintiffs' favor. [Dkt. 11 at 15 (citing *In re Carney*, 258 F.3d 415 (5th Cir. 2001)).] The Defendants argue that in this case, the Court should exercise this discretion and deny Plaintiffs' motion because, in their estimation, the Plaintiffs acted in bad faith by fraudulently joining BTC to preclude complete diversity jurisdiction, and because they "resorted to bad-faith mudslinging" in litigating this motion and the Motion to Remand. [*Id.* at 16-17.]

The Court is not persuaded by Defendants' argument because the record does not support a finding of subjective bad faith by the Plaintiffs. Fraudulent joinder does not necessarily equate to bad faith; it simply means that the claims against the non-diverse party are objectively groundless. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) ("Like many legal doctrines, 'fraudulent joinder' is misnamed, since, as the cases we've just cited point out, proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction—all that's required is proof that the claim against the nondiverse defendant is utterly groundless, and as a groundless claim does not invoke federal jurisdiction, the district judge must dismiss that defendant before ruling on the plaintiff's Motion to Remand."). As for Defendants' allegation of "mudslinging," the Court does not find that this underdeveloped argument warrants denial of Plaintiffs' motion when

the Court has already found that the standard set forth under Rule 36(b) has been met. The Court does, however, reiterate its expectation of professionalism by all Parties and counsel.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion to Amend their Responses to the Requests for Admissions, [dkt. 9], is **GRANTED** such that Plaintiffs' responses to the RFAs are hereby amended to reflect what they submitted at dkt. 9-6.

**IT IS SO ORDERED**.

Date: 11/19/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael T. Leigh
KAPLAN JOHNSON ABATE & BIRD LLP
mleigh@kplouisville.com

William Edward Skees
THE SKEES LAW OFFICE
ed@skeeslegal.com

Burt Anthony Stinson
Kaplan Johnson Abate & Bird LLP
cstinson@kaplanjohnsonlaw.com