UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CRAIG & LANDRETH, INC.,<br>INDIANA LJ REINSURANCE LIMITED,<br>JAMES H. SMITH, JR.,<br><br>      Plaintiffs,<br><br>      v.<br><br>PROTECTIVE PROPERTY & CASUALTY<br>COMPANY,[1]<br>B. THOMAS & COMPANY,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:23-cv-00162-TWP-KMB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

This matter is before the Court on Plaintiffs Craig & Landreth, Inc., Indiana LJ Reinsurance Limited, and James H. Smith, Jr.'s ("Smith") (collectively, "Plaintiffs") Motion to Remand Notice of Removal (Filing No. 10). For the reasons explained below, the Motion is **granted**.

### I.     BACKGROUND

This action arises from disputes between the parties concerning certain contractual and tort claims. The details of those disputes are immaterial to the instant motion, so the Court need not recite them here. On June 16, 2022, Plaintiffs filed a Complaint against Protective Life Corporation ("Protective Life") and Defendant B. Thomas and Company ("BTC") in the Clark Superior Court 6, under Cause No. 10D06-2206-PL-000071 (Filing No. 1-1 at 34-48). While in state court, Protective Life and BTC filed a partial motion to dismiss on September 7, 2022, arguing that the claims, except for the breach of contract claim, were time-barred. *See id.* at 62–83.

---

[1] The Civil Cover Sheet filed with the Court indicates the name of this defendant as "Protective Property & Casualty Insurance Company" (Filing No. 1-7), which is consistent with the party alleged in the operative Amended Complaint (*see* Filing No. 1-1 at 89), on whose behalf counsel has entered an appearance (*see* Filing No. 2). The Clerk is hereby **ordered** to update the parties' information in CM/ECF to correctly reflect the defendant party's name.

On September 29, 2022, Plaintiffs moved for leave to file an amended complaint against Protective Property & Casualty Insurance Company ("Protective") (collectively with BTC, "Defendants"). *Id.* at 132; *see* Filing No. 1-2. In response, Protective Life and BTC withdrew their partial motion to dismiss (*see* Filing No. 1-1 at 184). The state trial court granted Plaintiffs' leave on October 20, 2022, to file their Amended Complaint, which was deemed filed on that day (*see* Filing No. 1-1 at 185).

On November 23, 2022, Defendants filed a motion for judgment on the pleadings, arguing statute of limitations and other defenses, *see id.* at 198–218, to which Plaintiffs responded. *See id.* at 252–69. After conducting a hearing on the motion, the Clark Superior Court took the matter under advisement, *id.* at 6, and to date, that motion has not been ruled upon.

Plaintiffs served a first set of discovery requests, including requests for admission, on Protective on December 21, 2022 (*see* Filing No. 1-3 at 7).[2] Plaintiffs assert that Protective did not respond until February 3, 2023 (*see* Filing No. 10 at 5). Plaintiffs served a second set of discovery requests on Protective on August 9, 2023 (*see* Filing No. 1-3 at 17), and Plaintiffs contend as of the date of the motion presently before the Court; no response nor request for extension of time to respond were filed.

Defendants also served discovery requests on August 9, 2023, to counsel of record (*see* Filing No. 1-4 at 8), which included certain requests for admission. On September 18, 2023, Defendants emailed Plaintiffs' counsel and indicated that the deadline to respond elapsed with no response ten days prior and, thus, the requests for admission were deemed admitted (Filing No. 1-5 at 2–3). That same day, Plaintiffs delivered its responses (Filing No. 1-1 at 290–93) and asked

---

[2] Although Plaintiffs' first two sets of discovery requests bear captions that list Protective Life, not Protective, as a defendant alongside BTC (*see* Filing No. 1-3 at 2, 16), Defendants do not dispute that these requests were served on the proper party, Protective (*see, e.g.*, Filing No. 12 at 5).

2

Defendants' counsel for an extension by way of professional courtesy (Filing No. 1-5 at 2). Plaintiffs then filed a motion to amend their responses pursuant to Indiana Trial Rule 36(B), alleging that Defendants' requests for admission primarily sought legal conclusions, not admission of evidentiary matters, and did not indicate to which party the requests were directed (*see* Filing No. 1-1 at 294). Plaintiffs also argued that Defendants could not claim prejudice given a ten-day delay. *See id.* at 295–96. The next day, September 19, 2023, Defendants filed a Notice of Removal in federal court based on diversity of jurisdiction and argued that BTC was fraudulently joined to the action to preclude diversity jurisdiction (*see* Filing No. 1). Like Defendants' motion on judgment on the pleadings, the Clark Superior Court had not yet ruled on Plaintiffs' motion to amend their responses before the case was removed to federal court.

On October 3, 2023, Plaintiffs moved to amend responses to requests for admission, similar to the motion pending before the state court (*see* Filing No. 9; *see also* Filing No. 1-1 at 294–96). This Court later granted the motion, thereby amending Plaintiffs' responses to Request for Admission ("RFA") Nos. 4 and 5 to reflect denials of each request (Filing No. 17; *see id.* at 3 (text of granted responses)). On October 6, 2023, Plaintiffs filed the instant Motion to Remand, arguing defects in the notice of removal and that removal was not timely (Filing No. 10).

## I. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[3] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

"Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)). If any plaintiff and any defendant are citizens of the same state, complete diversity is destroyed, and the federal court lacks subject matter jurisdiction under 28 U.S.C. § 1332. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373–75 (1978). The existence of subject matter jurisdiction is a threshold issue, and any removed case lacking a proper basis for subject matter jurisdiction must be remanded. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998).

## II. DISCUSSION

### A. The Notice of Removal Plausibly Alleges the Amount in Controversy

The Court will first address Plaintiffs' argument that the Notice of Removal is defective because Defendants did not demonstrate or offer evidence of the amount in controversy (*see* Filing No. 10 at 6–7 & n.2). In their Amended Complaint, which includes among others tort and contract claims for breach of contract, fraud, and civil conversion, Plaintiffs allege Defendants withheld unused premiums that were owed without justification or excuse and used the funds without authorization or consent (Filing No. 1-2 at ¶¶ 45, 49, 50). As to the amount of the withheld funds, the fact section asserts Smith was "entitled to withdraw $181,442.00 . . . ." *Id.* ¶ 42. In their demand, Plaintiffs' seek compensatory damages "in an amount in excess of the minimum jurisdictional requirements" of the state court – language which Defendants echo in their Notice of Removal (*see* Filing No. 1 at 6) ("This Court has original jurisdiction . . . . The amount in controversy exceeds the jurisdictional minimum").

When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). Though Plaintiffs concede that they allege, in both their original and amended complaints, "significant damages exceeding $200,000", they nevertheless argue Defendants failed their "duty to identify this in the Notice of Removal" (Filing No. 10 at 7 n.2).

Plaintiffs do not cite to authority for their proposition. The Supreme Court of the United States has instructed that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing

5

the amount is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

To the extent that the Plaintiffs now contest Defendants' allegation, their concession about their own alleged amount in controversy undermines their very contention. Removing defendants, may rely on a complaint's allegations to satisfy the amount-in-controversy requirement. *See Schutte v. Ciox Health*, LLC, 28 F.4th 850, 854 (7th Cir. 2022). Accordingly, the Defendants have plausibly alleged that the amount in controversy exceeds the jurisdictional threshold and the allegations in the operative complaint alone are enough to demonstrate this fact. *See id.* at 854–55.

**B.    The Notice of Removal Is Untimely**

Plaintiffs next argue that there is not complete diversity between the parties and removal is untimely. Plaintiffs contend that BTC, a corporation with citizenship in Kentucky,[4] shares citizenship with at least one plaintiff and was pled as a proper defendant party since the original complaint. Because Defendants attempted to dismiss all claims in the original complaint besides a contract claim involving Protective Life, as well as argued for the dismissal of all claims in the Amended Complaint, Plaintiffs contend their argument of fraudulent joinder asserted in their Notice of Removal should have been made within thirty days of June 16, 2022, or at the latest within thirty days of October 20, 2022 (*see* Filing No. 10 at 7–8). Defendants respond that BTC has no possibility of judgment against it, and that their "first evidence of that came when Plaintiffs filed their belated RFA responses, one day before Defendants removed." (Filing No. 12 at 8.)

---

[4] "[A] corporation [is] deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business". 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). The parties agree BTC is a Kentucky corporation (*compare* Filing No. 1 at 2, *with* Filing No. 1-2 at 5); thus, it is presumed for purposes of assessing whether removal is proper to have citizenship in Kentucky and the state of its principal place of business. *Cf. Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010) ("*When challenged* on allegations of jurisdictional facts, the parties must support their allegations by competent proof." (emphasis added)).

Generally, a defendant seeking to remove a case on the grounds of diversity jurisdiction must file a notice of removal within thirty days after receipt, by service or otherwise, of the complaint. *See* 28 U.S.C. § 1446(b)(1). The same statue also provides that, if a case is not removable at the outset, a notice of removal may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

In this case, Defendants' 30-day period in which to timely file a notice of removal and assert the fraudulent joinder argument began ticking when they received a copy of the initial complaint through service.[5] The Court finds that the case was removable at the outset and that Defendants had a reasonable basis, at that point, to discern whether or not joinder was proper or simply made for the purposes of adjoining a non-diverse party to thwart removal. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823, 824 (7th Cir. 2013) ("The short removal time limit forces the defendant to make a prompt decision about removal once a pleading or other litigation document provides clear notice that the predicates for removal are present. . . . The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present.").

The predicates for removal were all present. BTC was the only named defendant in the original pleading besides Protective Life. The allegations in the original pleadings placed Defendants on clear notice that Plaintiffs sought recovery from "Protective [Life]'s *independent*

---

[5] Though the record before the Court is unclear exactly when Plaintiffs effected service on BTC, Defendants fail to argue that service was insufficient or that they did not "otherwise" receive the initial complaint. *See* 28 U.S.C. § 1446(b)(1). Further, Defendants did not raise in their motion to dismiss any insufficiency of service of process arguments, thereby waiving such defense. *See* Ind. Trial Rule 12(H)(1); *Phillips v. Great Lakes Health Cong.*, 354 N.E.2d 307, 309 (Ind. Ct. App. 1976) ("The defenses of lack of personal jurisdiction and/or insufficiency of service of process must be raised by motion prior to the filing of a responsive pleading or in the responsive pleading. If any motion under Ind. Rules of Procedure, Trial Rule 12, is made prior to filing a responsive pleading those defenses must be raised in that motion or they are waived.").

*agent*, B. Thomas and Company, acting through its owner/principal, Robert D. Thomas" (Filing No. 1-1 at 35) (emphasis added).  Plaintiffs did not hide their unambiguous intent to pursue the same bevy of claims against both defendants — they even introduced the pleading by underscoring they brought the instant action to hold Defendants "jointly and severally" liable for the litany of alleged wrongdoing. *Id.*

From the face of the complaint, Plaintiffs' belief about the parties' relationships was clear. Importantly, the actual relationship shared between the defendant parties, as well as the contractual obligations undertaken between the defendant parties and Plaintiffs, would have been readily apparent to Defendants, who were presumably knowledgeable about the contractual and agency relationships they had assumed with each other and other entities.  "[W]hen it comes to removal, a defendant can be held to information about its own operations that it knows or can discern with ease." *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234, 241 (7th Cir. 2021).  "[A] defendant cannot bury its head in the sand or feign ignorance about information within its control." *Id.*

Defendants maintain the state court pleadings, while "certainly deficient," did not show signs of fraudulent joinder "on their own" (Filing No. 12 at 14).  Specifically, Defendants argue that they were unable to ascertain that the case was removable until Plaintiffs emailed about, and filed a state court motion concerning, proposed amended admissions "making clear that none of their claims against BTC were viable." *Id.* at 17; *see also* Filing No. 1 at 7.  Thus, in equating the email, the motion, and the amended discovery responses therein, to a "motion . . . or other paper" under § 1446(b)(3) — from which it was first ascertainable that the case "bec[a]me removable", Defendants contend they timely filed the notice of removal.

In support, Defendants represent that Plaintiffs' initial pleading "asserted potentially viable contract and tort claims" (Filing No. 12 at 16), as did the amended pleading. *See id.*  Although it

8

is clearly aimed to further their present position urging removal, such a contention by Defendants appears at odds with (and perhaps disingenuous to) previous positions taken at the state court level. Here, Defendants now assert that *neither* the original complaint nor the amended complaint "gave *any* indication that the only claims tying BTC to the case were a bogus contract theory and a time-barred fraud theory". (Filing No. 12 at 16–17) (emphasis added).

But pre-removal, Defendants sought partial dismissal (of the tort claims) and moved for judgment on the pleadings (as to all claims), both times advancing similarly thorough procedural and substantive objections to claims implicating BTC.  Specifically, Defendants argued Plaintiffs' claims were either time-barred, duplicative, not pled with the requisite particularity, or inapplicable since no fiduciary or trust relationship existed between Plaintiffs and Defendants (*compare* Filing No. 1-1 at 69–80, *with id.* at 205–15).  Defendants vigorously argued that "[a]s the contracts attached to the [Amended] Complaint confirm, Plaintiffs and Defendants are engaged in an arms-length commercial transaction, not in a fiduciary or trust relationship." (Filing No. 1-1 at 212; *see also id.* (discussing the Quota Share Reinsurance and Reinsurance Treaty Custodial Agreements at issue at remand)).   They argued with specificity, concerning the bundled claims in Count I (including fraud), that the

> only purported misrepresentation alleged in the [Amended] Complaint is that "[o]n or about February 21, 2015, Protective stated the rates it charged Craig & Landreth's customers were increasing 7–8% across the board," and when "Protective implemented the price increases, however, most exceeded 15% and the increase was enjoyed exclusively by Protective and B. Thomas and Company."

*Id.* at 210.

Considering these arguments, the Court is assured that, even if the case was not removable at the outset, Defendants were able to "ascertain[] that the case [was] one which [was] or [had] become removable", 28 U.S.C. § 1446(b)(3), at the latest within thirty days of filing their motion for judgment on the pleadings.  Defendants' incantation of fraudulent joinder at this late stage does

9

not remedy the need for them to have removed the case under 28 U.S.C. § 1446(b) well prior to when they did.

Defendants' arguments concerning the substance of Plaintiffs' responses to RFA Nos. 4 and 5 do not convince the Court to the contrary. The response to RFA No. 4 provides no additional information beyond that which the original pleadings had already conveyed. On the other hand, RFA No. 5 attempts to procure a concession contradicting the averments contained in the pleadings. Plaintiffs reasonably deny the admission and moreover represent that they "will supplement" their response answer since discovery is continuing (*see* Filing No. 17 at 3). This does not mean, as Defendants urge, that Plaintiffs "cannot articulate a legitimate rationale for BTC's inclusion in this case" (Filing No. 12 at 7), or that they "admit that they have no claims against BTC for breach of fiduciary duty, negligence, or conversion". *Id.* at 21. Rather, it presumably means, as the Plaintiffs state, that they will supplement their response once the deposition of Bob Thomas has been conducted.

C.     **The Untimely Notice of Removal Is Not Saved by Plaintiffs' Actions**

Because removal was initiated "more than 1 year after commencement of the action", Defendants must additionally prove that Plaintiffs "acted in bad faith[6] in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1). "Section 1446(c)(1) 'requires a causal link showing that [p]laintiff has acted in bad faith *in order to prevent* a defendant from removing an action.'" *Doe I v. Certiphi Screening, Inc.*, No. 1:21-cv-2620, 2022 WL 4235334, at

---

[6] To the Court's knowledge, the Seventh Circuit has not precisely defined the conduct that constitutes "bad faith" in order to excuse a defendant's failure to meet the one-year removal deadline for diversity actions. Importantly, however, the bad faith exception to the one-year timing requirement codified in Section 1446(c)(1) is not the same as the fraudulent joinder doctrine, "which is codified nowhere in the removal statute and is instead a judicially created standard used to overcome a lack of complete diversity." *McVey v. Anaplan, Inc.*, No. 19-cv-07770, 2020 WL 5253853, at *3 (N.D. Ill. Sept. 3, 2020).

*2 (S.D. Ind. Sept. 14, 2022) (emphasis in original) (quoting *Fiala v. RMLS Hop Ill., LLC*, No. 21 C 4095, 2022 WL 159560, at *2 (N.D. Ill. Jan. 18, 2022)) (internal quotation marks omitted).

Defendants do not draw the necessary causal link and instead argue that Plaintiffs have not actively litigated its case against BTC insofar as they have only taken discovery from the diverse defendant, Protective. Plaintiffs respond that their counsel has attempted to schedule depositions of the owner of BTC, Bob Thomas, and a BTC agent. The record reveals that Plaintiffs' counsel made efforts to depose "Bob Thomas with B Thomas and Company" as early as February 16, 2023 (Filing No. 11-1 at 11), shortly after, Protective responded to their first set of discovery requests. Email correspondence that Defendants submitted in opposition to the amendment of Plaintiffs' discovery responses contain more than twenty messages between counsel attempting to settle on dates that would work for the attorneys' and Mr. Thomas's schedules (*see id.*). Without additional context, it appears counsel on both sides were merely attempting to comply with Local Rule 30-1, which provides that "[u]nder the Standards for Professional Conduct within the Seventh Federal Judicial Circuit, Lawyers Duty to Other Counsel, paragraph 14, attorneys will make a good faith effort to schedule depositions in a manner that avoids scheduling conflicts."

Although the attempts were ultimately unsuccessful, the Court is not persuaded that Plaintiffs "have never once sought any discovery from BTC" and "all [Plaintiffs'] discovery requests have sought information solely from Protective." (Filing No. 1 at 3.) Plaintiffs' conduct, from the limited record presented, does not show that they do not intend to pursue their claims against BTC, in addition to Protective. True, counsel for Plaintiffs could have been more diligent. But lack of diligence does not constitute "bad faith" as contemplated by 28 U.S.C. § 1446(c). "[T]here is a considerable gap between best practices (or even good ones) and bad faith. Failure

to follow the former does not necessarily signify the latter." *Henning v. Barranco*, No. 21-cv-1657, 2021 WL 5578767, at *4 (N.D. Ill. Nov. 30, 2021).

Although it is a close call, the Court is not persuaded that Plaintiffs' provision of its amended RFA responses — which, by Defendants' estimation, belie Plaintiffs' claims against BTC for breach of fiduciary duty, negligence, or conversion — demonstrates bad faith. Defendants do not provide citation to authority within this Circuit that "fraudulent joinder is, itself, proof of bad faith" ([Filing No. 12 at 17](#)). The Court's independent research has not revealed such authority. In the absence of any authority, the Court considers the lines of inquiry as separate considerations that in cases, unlike this one, could overlap. *See McVey v. Anaplan, Inc.*, No. 19-cv-07770, 2020 WL 5253853, at *3 (N.D. Ill. Sept. 3, 2020) ("[T]here could certainly be scenarios where bad faith and fraudulent joinder are congruent, and proof of fraudulent joinder simultaneously satisfies the requirements for bad faith.").

As the Court stated earlier, "Fraudulent joinder does not necessarily equate to bad faith; it simply means that the *claims* against the non-diverse party are objectively groundless." *Craig & Landreth, Inc. v. Protective Prop. & Cas. Co.*, No. 4:23-cv-00162, 2023 WL 8019462, at *4 (S.D. Ind. Nov. 19, 2023) (emphasis added) (quoting *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011)). Based on its reading of the amended responses, *see supra* Section III.B., the Court does not view the offer of the amended responses, without additional evidence, as exhibiting any desire to prevent removal. Accordingly, the Court concludes that Defendants have not proven that Plaintiffs "acted in bad faith" as mandated by 28 U.S.C. § 1446(c)(1).

**D.      Diversity Jurisdiction Does Not Exist**

Because the Court cannot find that Plaintiffs do not intend to pursue their claims against BTC, nor that the provision of the amended RFA responses demonstrates a desire to prevent

removal, Defendants' argument that subject matter jurisdiction existed at the time of removal also fails. It is undisputed that diversity jurisdiction did not exist when this action was first filed in state court — Smith, a Kentucky citizen (*see* Filing No. 14), named BTC, who both parties agree is a Kentucky citizen, as one of the two defendants in the case. Complete diversity thus did not, and does not, exist. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (noting that statutory diversity jurisdiction requires "that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side").

### III.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand (Filing No. 10) is **GRANTED**. **The Clerk is directed to remand** this matter to the Clark Superior Court 6, Cause No. 10D06-2206-PL-000071, and to **close** this federal action.

**SO ORDERED.**

Date: 02/01/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Edward Skees
THE SKEES LAW OFFICE
ed@skeeslegal.com

Michael T. Leigh
KAPLAN JOHNSON ABATE & BIRD LLP
mleigh@kplouisville.com

Burt Anthony Stinson
KAPLAN JOHNSON ABATE & BIRD LLP
cstinson@kaplanjohnsonlaw.com